## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**ALLEN BATTLES, # 105838**                                                                **PLAINTIFF**

**v.**                                                               **CIVIL NO. 1:22-cv-00091-HSO-BWR**

**MIKE EZELL, Sheriff, et al.**                                                       **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I.   BACKGROUND

On April 18, 2022, pro se Plaintiff Allen Battles ("Plaintiff") filed this civil action challenging the conditions of his confinement under 42 U.S.C. § 1983. Compl. [1] at 3. He complains about various jail conditions occurring between January and April 2022. *Id.* [1] at 7. When he initiated this lawsuit, Plaintiff was incarcerated at the Jackson County Adult Detention Center in Pascagoula, Mississippi. *Id.* [1] at 2. About one month later, Plaintiff filed a Notice of Change of Address to advise the Court that he had been moved to the Harrison County Adult Detention Center in Gulfport, Mississippi. Notice [8] at 1. Plaintiff is proceeding *in forma pauperis* in this case. Order [10].

On May 23, 2022, Plaintiff was ordered to file a written response on or before June 6, 2022, to aid the Court in assessing his claims. Order [11]. Plaintiff was warned that "[f]ailure to timely respond to any order of the Court may result in the

dismissal of this case." *Id.* [11] at 1.  This Order was mailed to Plaintiff at his last-known address, which he had provided a few weeks before.  *See* Notice [8] at 1.  It was returned by the postal service as undeliverable with an envelope marked, "Released."  Ret. Mail [12].  Plaintiff did not comply with the Court's Order by the June 6 deadline.

On June 21, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's May 23 Order.  Order [13].  He was directed to file a written response to that effect on or before July 5, 2022.  *Id.* [13] at 1.  Plaintiff was again warned that "failure to comply, including keeping the Court apprised of his address, could result in the dismissal of this case." *Id.* [13] at 1.  This Order was mailed to Plaintiff at his last-known address, and it was not returned by the postal service as undeliverable.  Again, Plaintiff did not comply with the Court's Order by the July 5 deadline.

On July 19, 2022, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [11] [13]."  Order [14] at 2.  Plaintiff was ordered to file a written response on or before August 15, 2022.  *Id.* [14] at 2.  Plaintiff was also directed, on or before the August 15 deadline, to comply with the Court's May 23 Order by answering the questions posed therein.  *Id.* [14] at 2.  Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and ***without*** further notice to Plaintiff."

*Id.* [14] at 2 (emphases in original). That Order, with copies of the Court's May 23 and June 21 Orders, was mailed to Plaintiff at his last-known mailing address. These documents were all returned by the postal service as undeliverable with the envelope marked, "Released 5-3-22." Ret. Mail [16].

To date, Plaintiff has not responded to the Court's May 23, June 21, and July 19 Orders [11], [13], [14] or otherwise contacted the Court about his case. He has not taken any action in this case since May 4, 2022. *See* Notice [8].

## II.  DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g., Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [11], [13], [14], after being warned six times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [14] at 2; Order to Show Cause [13] at 1;

3

Order Requiring Plaintiff to Respond [11] at 1; Order Setting Payment Schedule [10] at 2; Order [4] at 2; Order [3] at 2.  Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since May 4, 2022.  That inaction includes Plaintiff's failure to advise the Court of his current address, despite being advised on more than one occasion that it is his responsibility to do so, *see* Second and Final Order to Show Cause [14] at 2; Order to Show Cause [13] at 1; Order Setting Payment Schedule [10] at 2; Order [4] at 2; Order [3] at 2, and having demonstrated his understanding of this directive by updating his address once before, *see* Notice [8] at 1.  Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.

Moreover, the statute of limitations on Plaintiff's claims has not expired.  *See Showers v. City of Bay St. Louis*, No. 1:19-cv-00323-TBM-RPM, 2022 WL 989149, at *2 (S.D. Miss. Mar. 31, 2022) ("The statute of limitations for Section 1983 claims in Mississippi is three years.") (citation, quotation marks, and brackets omitted).  Under these circumstances, dismissal without prejudice is warranted.

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 24th day of August, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

5